KILPATRICK TOWNSEND & STOCKTON LLP
HOLLY GAUDREAU (State Bar No. 209114)
Two Embarcadero Center, Suite 1900
San Francisco, California  94111
Telephone:   (415) 576-0200
Facsimile:   (415) 576-0300
E-Mail:      hgaudreau@kilpatricktownsend.com

KILPATRICK TOWNSEND & STOCKTON LLP
COLE B. RAMEY (*pro hac vice* pending)
TIMOTHY E. TAYLOR (*pro hac vice* pending)
W. ALAN WRIGHT (*pro hac vice* pending)
2001 Ross Avenue, Suite 4400
Dallas, Texas  75201
Telephone:   (214) 922-7100
Facsimile:   (214) 922-7101
E-Mail:      cramey@kilpatricktownsend.com
             ttaylor@kilpatricktownsend.com
             alan.wright@kilpatricktownsend.com

Attorneys for Defendant
VIGILANT SOLUTIONS, LLC
(incorrectly named as Vigilant Solutions, Inc.)

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HOFER and JONATHAN HOFER,<br><br>  Plaintiffs,<br><br>  v.<br><br>KYLE EMLEY, et al.,<br><br>  Defendants. | Case No. 3:19-cv-02205-JSC<br><br>**DEFENDANT VIGILANT SOLUTIONS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     August 8, 2019<br>Time:     9:00 a.m.<br>Location: Courtroom F, 15th Floor<br>Judge:    Hon. Jacqueline Scott Corley<br><br>Complaint filed April 24, 2019 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on August 8, 2019, at 9:00 a.m., or as soon thereafter as the matter can be heard before United States Magistrate Judge Jacqueline Scott Corley in Courtroom F, 15th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant

1  Vigilant Solutions, LLC, incorrectly named as Vigilant Solutions, Inc., ("Vigilant") will and
2  hereby does move the Court for an order dismissing the Complaint of Plaintiffs Brian Hofer
3  and Jonathan Hofer against Vigilant for failure to state a claim upon which relief can be granted
4  under Federal Rule of Civil Procedure 12(b)(6).

5      This motion is based on this Notice of Motion and Motion, the accompanying Memoran-
6  dum of Points and Authorities, the Proposed Order filed with this Motion, as well as the record
7  in this case and any matters presented to the Court at the time of hearing.

9  Dated: July 1, 2019            Respectfully submitted,

10                                KILPATRICK TOWNSEND & STOCKTON LLP

12                                By:    /s/ *Holly Gaudreau*
13                                       Holly Gaudreau

14                                Attorneys for Defendant
                                  VIGILANT SOLUTIONS, LLC
15                                (incorrectly named as Vigilant Solutions, Inc.)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     STATEMENT OF ISSUES TO BE DECIDED**

1.     Whether the Complaint fails to allege facts demonstrating either a duty or breach by Vigilant Solutions, LLC, incorrectly named as Vigilant Solutions, Inc. ("Vigilant").

2.     Whether the Complaint fails to allege facts demonstrating that the claimed damages were proximately caused by any alleged breach by Vigilant.

**II.    INTRODUCTION**

Plaintiffs' sole claim against Vigilant is for common law negligence.  Plaintiffs' claim is based on conclusory and implausible assertions and fails under a proper application of the standards announced by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and decisions of the Ninth Circuit and this Court interpreting them.

In the Complaint, Plaintiffs allege that Vigilant breached a duty to maintain accurate records of stolen vehicles (Compl. ¶ 79), but plead no facts demonstrating either the existence or breach of such a duty by Vigilant.  In fact, Plaintiffs allege that the San Jose Police Department failed to remove the vehicle from the list of stolen vehicles after the vehicle was recovered (Compl. ¶ 51), and that Defendant Getaround Inc. failed to notify the San Jose Police Department of the recovery.  (Compl. ¶ 54.)

Plaintiffs do not allege any damages proximately caused by the alleged breach of such duty by Vigilant.  All of the claimed damages were caused by the allegedly excessive force and other wrongful conduct of the Contra Costa Defendants after the ALPR system reported a hit. (Compl. ¶¶ 56-59.)  Even if Vigilant had breached a duty to maintain accurate records of stolen vehicles as alleged by Plaintiffs, Plaintiffs do not allege any facts demonstrating that the harm they complain of was foreseeable or could have been prevented by Vigilant.  Accordingly, dismissal is appropriate.

**III.   STATEMENT OF FACTS**

Vigilant is a maker of automated license plate readers ("ALPR") used by the Contra Costa Sheriff's Department.  (Compl. ¶ 10.)  In addition to manufacturing ALPR equipment, Vigilant

DEFENDANT VIGILANT SOLUTIONS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO. OF POINTS AND AUTHORITIES – Case No. 3:19-cv-02205-JSC

- 1 -

...

1 provides ALPR services which include hosting the data.  (Compl. ¶ 52.)  The hosted data includes the license plates collected by the ALPR cameras and "hot lists" of vehicles uploaded by law enforcement agencies into Vigilant's database.[1]  A hot list is a list of license plates for vehicles that Vigilant's law enforcement customers are looking for, whether because they were stolen or for any other law enforcement purpose.  When a license plate that is scanned by an ALPR camera matches a license plate on a hot list in Vigilant's database, Vigilant's ALPR system delivers an alert to its law enforcement customers notifying them of the "hit."

In October 2018, Defendant Getaround, Inc. rented a vehicle to an unnamed driver.  On October 20, 2018, that driver reported the vehicle stolen to the San Jose Police Department, and the San Jose Police Department placed the vehicle on a "hot list" of stolen vehicles.  (Compl. ¶ 50.)  The vehicle was thereafter recovered by the driver, but Getaround failed to notify the San Jose Police Department of the recovery.  (Compl. ¶ 54.)  After the vehicle was recovered, the San Jose Police Department failed to remove the vehicle from the hot list.[2]  (Compl. ¶ 51.)

Plaintiffs thereafter rented the vehicle from Getaround on November 21, 2018.  (Compl. ¶ 15.)  On November 25, Plaintiffs were stopped by a Contra Costa deputy sheriff (the individual

---

[1] The contents of the stolen vehicle hot list are controlled by the California Department of Justice (CDOJ) based on data made available to the CDOJ from the FBI's clearinghouse of national crime data, the National Crime Information Center, or NCIC.  *See* https://www.fbi.gov/services/cjis/ncic (NCIC website) and https://oag.ca.gov/sites/oag.ca.gov/files/clets-ppp-030818_0.pdf (CDOJ website containing Policies, Practices and Procedures for California Law Enforcement Telecommunications System ("CDOJ Policies").  The Court may take judicial notice of the FBI's NCIC website and the CDOJ Policies available on the CDOJ website explaining how the stolen vehicle hot list is created, maintained, modified, and used.  *See Jones v. United States*, Nos. CV-F-06-724 OWW, CR-F-04-5073 OWW, 2009 WL 425021, at *1 (E.D. Cal. 2009) (taking judicial notice of FBP website evidencing petitioner's place of incarceration); Fed. R. Evid. 201(b) (court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.")

As explained on the NCIC website, criminal justice agencies enter records into the NCIC database that are accessible to law enforcement agencies nationwide, including a "Vehicle File" containing "[r]ecords on stolen vehicles, vehicles involved in the commission of crimes, or vehicles that may be seized based on federally issued court order."  NCIC then makes that hot list information available to a single point of contact in each state, which in California is the CDOJ, who in turn provides the hot list to the agencies in each state.  See CDOJ Policies, pp. 44-45 (CDOJ is the California state department that maintain and operates the criminal justice databases and acts as the NCIC terminal agency for California).

[2] Vigilant has no authority to remove vehicles from the hot list.  As explained on the NCIC website:  "The entry, modification, and removal of records are the responsibility of the agency that entered them."

DEFENDANT VIGILANT SOLUTIONS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO. OF POINTS AND AUTHORITIES – Case No. 3:19-cv-02205-JSC

- 2 -

Contra Costa deputy sheriffs and the County of Contra Costa hereafter referred to collectively as the "Contra Costa Defendants") after the vehicle's license plate was scanned by Contra Costa County's ALPR camera and matched as a "hit" to the vehicle on the "hot list." (Compl. ¶ 36.) Plaintiffs allege that after being stopped, they were subjected to excessive force by the Contra Costa Defendants. (Compl. ¶ 16-47.)

As damages, Plaintiffs allege that they suffered a deprivation of their liberty as a result of their arrest by the Contra Costa Defendants, suffered severe emotional distress from having guns pointed at them, being handcuffed and detained, and otherwise being subjected to excessive force and treated like violent criminals. (Compl. ¶¶ 56-57.) Plaintiffs also claim to have suffered physical injuries from being thrown to the ground by the Contra Costa Defendants and acute emotional trauma from witnessing the Contra Costa Defendants point a gun at their head. (Compl. ¶¶ 58-59.)

## IV.   ARGUMENT

### A.   Motion to Dismiss Standard.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted. In considering a motion to dismiss for failure to state a claim, "the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor." *Cargill, Inc. v. Budine*, No. CV-F-07-349-LJO-SMS, 2007 WL 2506451, at *2 (E.D. Cal. Aug. 30, 2007) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976)).

Although courts assume the facts alleged as true, courts do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Cargill*, 2007 WL 2506451, at *2; *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

/ / /

1   The Supreme Court reaffirmed this standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), by
2   demanding "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S.
3   at 678 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by
4   mere conclusory statements, do not suffice." *Id.* "[O]nly a complaint that states a plausible claim
5   for relief survives a motion to dismiss." *Id.* at 679. Because it does not set forth a factual basis
6   for its myriad allegations of wrongdoing, Plaintiffs' Complaint fails to state any actionable claims.
7   Consequently, Plaintiffs' Complaint should be dismissed in its entirety.

8   Although "a complaint need not contain detailed factual allegations," *Clemens v.
9   DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008), the Court should not assume that
10  the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen.
11  Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell
12  Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005).

13  **B.   Plaintiffs' Negligence Claim Against Vigilant Fails Because the Complaint
         Fails to Allege Facts Demonstrating Either a Duty or a Breach by Vigilant.**
14

15  The elements of actionable negligence under California law are: (1) a legal duty to use due
16  care; (2) a breach of that duty; (3) causation; and (4) damages. *Coppola v. Smith*, 935 F. Supp. 2d
17  993, 1013 (E.D. Cal. 2013).

18  The sole allegation against Vigilant is that Vigilant somehow had a duty to update a hot
19  list of stolen vehicles in its database to remove the vehicle rented by Plaintiffs from that list, even
20  though Plaintiffs concede that no one provided that information to Vigilant. Plaintiffs do not
21  allege that the ALPR system operated incorrectly. Indeed the Complaint suggests that the ALPR
22  system operated exactly as it is supposed to operate: a license plate was scanned by the ALPR
23  camera used by the Contra Costa Defendants, that license plate was correctly matched to a license
24  plate on the stolen vehicle hot list, and an alert was delivered to the Contra Costa Defendants who
25  had scanned the license plate.

26  Plaintiffs allege that Getaround failed to notify the San Jose Police Department that the
27  vehicle had been recovered, and that the San Jose Police Department failed to remove the vehicle
28  from the hot list of stolen vehicles. What Plaintiffs do not allege is that anyone told Vigilant that

the vehicle had been recovered, and the Complaint fails to allege a single fact that Vigilant either knew or even could have known that the vehicle had been recovered.

The existence of a legal duty is an essential element of a cause of action for negligence. *MH Pillars Ltd. v. Realini*, No. 15-CV-1383-PJH, 2017 WL 916414, at *5 (N.D. Cal. Mar. 8, 2017). "Whether this prerequisite has been satisfied in a particular case is a question of law to be resolved by the court." *Id.* (citing *Avila v. Citrus Cmty. Coll. Dist.*, 38 Cal. 4th 148, 161 (2006)). A duty of care may arise "through statute, contract, the general character of the activity, or the relationship between the parties." *MH Pillars Ltd.*, 2017 WL 916414, at *5 (citing *The Ratcliff Architects v. Vanir Constr. Mgmt., Inc.*, 88 Cal. App. 4th 595, 604-05 (2001); *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 803 (1979)). *See also Jacobsen v. Marin Gen. Hosp.*, 192 F.3d 881, 885 (9th Cir. 1999) ("A duty in tort owing from a defendant to a plaintiff can be created by law, by a defendant's assumption of that duty, or by a preexisting relationship between the plaintiff and the defendant.").

Ninth Circuit case law holds that the existence of a duty as well as the foreseeability of harm are questions of law for the court alone. *See First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 986-87 (9th Cir. 2000) ("The question of the existence of a legal duty of care in a given factual situation presents a question of law which is to be determined by the courts alone …. Foreseeability of harm, though not determinative, has become the chief factor in duty analysis … [a]nd the foreseeability component of duty analysis is a legal issue ….") (citing *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095, 283 Cal. Rptr. 53 (1991)).

Plaintiffs' Complaint fails to allege any facts to support the contention that a duty owed by Vigilant to Plaintiffs was created by any of these means. Similarly, Plaintiffs have failed to allege

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT VIGILANT SOLUTIONS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO. OF POINTS AND AUTHORITIES – Case No. 3:19-cv-02205-JSC

- 5 -

any facts to show that the harm they complain of was foreseeable or could have been prevented by Vigilant.[3]  Therefore, dismissal is appropriate.

### C. Plaintiffs' Negligence Claim Against Vigilant Fails Because the Alleged Damages Were Not Proximately Caused by the Alleged Breach.

To succeed on a negligence claim, a plaintiff must plead and prove facts demonstrating that its claimed damages were proximately caused by the defendant.  *See Soldano v. United States*, 318 F. App'x 599, 600 (9th Cir. 2009) ("To recover damages for negligence a plaintiff must prove that the defendant's conduct was a proximate or legal cause of his injuries.") (citing *USAir Inc. v. U.S. Dep't of Navy*, 14 F.3d 1410, 1412-13 (9th Cir. 1994)).

Plaintiffs have failed to assert facts to link the damages they claim to have suffered with the conduct of Vigilant.  All of the alleged damages flow directly from and are the result of the conduct of the Contra Costa Defendants, including arresting Plaintiffs, pointing guns at Plaintiffs, handcuffing and detaining Plaintiffs, subjecting Plaintiffs to excessive force and treating them like violent criminals, throwing Plaintiffs to the ground, and witnessing the Contra Costa Defendants pointing guns at their heads.  (Compl. ¶¶ 56-59.)  All the conduct that Plaintiffs claim caused them injury and damage is conduct of the Contra Costa Defendants, and Plaintiffs plead no facts demonstrating that such harm was either caused by, or foreseeable to, Vigilant.  *Twombly* and *Iqbal* require more specificity and detail than Plaintiffs have provided.

### V. CONCLUSION

Even if the allegations in the Complaint are taken as true, Plaintiffs' negligence claim fails to satisfy the applicable standards set out in *Twombly*, *Iqbal*, and their progeny.  For the foregoing

/ / /

/ / /

---

[3] As explained on the NCIC website, agencies are not permitted to take any action on a "hit," or a positive response, without first making contact with the entering agency and verifying that the information is accurate and up-to-date.  *See also* CDOJ Policies, p. 24 ("Users must confirm the validity of the positive response on the record by contacting the entering agency prior to taking enforcement actions based solely on that record.").  Thus, even assuming Vigilant had the authority and a duty to make changes to the hot list, it is not foreseeable that the failure to remove a vehicle from the hot list would lead to the damages claimed here since agencies cannot rely on the hot list to take action without first verifying its accuracy.

reasons, Vigilant respectfully requests that the Court grant the Motion and dismiss Plaintiffs' Complaint with prejudice as to Vigilant.

Dated: July 1, 2019

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ *Holly Gaudreau*
 Holly Gaudreau

Attorneys for Defendant
VIGILANT SOLUTIONS, LLC
(incorrectly named as Vigilant Solutions, Inc.)

15676615V.3

DEFENDANT VIGILANT SOLUTIONS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMO. OF POINTS AND AUTHORITIES – Case No. 3:19-cv-02205-JSC

- 7 -