RICHARD DOYLE, City Attorney (88625)
NORA FRIMANN, Assistant City Attorney (v93249)
ARDELL JOHNSON, Chief Deputy City Attorney (95340)
JULIA VAN ROO, Deputy City Attorney (274169)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN HOFER and JONATHAN HOFER,<br><br>Plaintiff(s),<br><br>v.<br><br>KYLE EMLEY, a Contra Costa County Deputy Sheriff, in his individual capacity, WILLIAM ODOM, a Contra Costa County Deputy Sheriff, in his individual capacity, BRANDON GANT, a Contra County Deputy Sheriff, in his individual capacity, Defendant DOE 1, a Contra County Deputy Sheriff, in his individual capacity, COUNTY OF CONTRA COSTA, a municipal corporation, CITY OF SAN JOSE, a municipal corporation, VIGILANT SOLUTIONS, INC., GETAROUND, INC., and Does 1 to 50,,<br><br>Defendant(s). | Case Number:  3:19-cv-02205<br><br>**DEFENDANT CITY OF SAN JOSE'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(Fed. R. Civ. P. 12(b)(6))<br><br>Date:  Thursday, August 15, 2019<br>Time:  9:00 a.m.<br>Courtroom: F, 15th Floor<br>Judge: Honorable Jaqueline Scott Corley |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on Thursday, August 15, 2019, at 9:00 a.m., or as soon thereafter as the matter can be heard in Courtroom F, 15th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, the CITY OF SAN JOSE ("City") shall and hereby does move pursuant to Federal Rules of Civil 12(b)(6) to dismiss all claims against it for

1

failure to state a claim upon which relief may be granted.

Through this Motion, the City seeks an Order dismissing each and every claim against the City in Plaintiffs' Complaint for: (1) Compensatory damages, (2) Punitive damages, (3) Costs of suit, and (4) Attorney's fees.

This Motion is based on the Memorandum of Points and Authorities submitted herewith, the pleadings, records and files in this action, and such other written or oral argument as may be presented at or before the time this Motion is taken under submission by the Court.

## ISSUES TO BE DECIDED
### (Local Rule 7-4(A)(3))

1.   Should Plaintiffs' claims against the City be dismissed for failure to state a claim upon which relief may be granted?

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE RELEVANT FACTS

Plaintiffs' Complaint sets forth allegations and numerous causes of action against other defendants regarding a series of events that took place outside the geographical boundaries of the City and did not involve any City employee or actor.  Plaintiffs allege that on November 25, 2018, Contra Costa County Sheriff's Deputies stopped, searched, detained, and arrested Plaintiffs without probable cause or a warrant. Complaint, ¶ 1. Plaintiffs' Complaint alleges the following facts as it relates to the City:

The San José Police report relating to the vehicle Plaintiff Brian Hofer was driving on November 25, 2018 ("the vehicle") indicates that on October 20, 2018, an unnamed driver stepped away from the vehicle while it was running and it was stolen. *Id.* ¶ 50.  The driver reported the theft to the San José Police Department ("SJPD"). *Id.*  The SJPD placed the vehicle on the "hot list" of stolen vehicles, such that an alert was apparently sent to police agencies and automated license plate reader vendors such as Vigilant Solutions, Inc. *Id.*  Nothing in the report suggested that a carjacking or act of violence had occurred.  *Id*. After the vehicle was recovered, the SJPD failed to remove the vehicle from the list of stolen vehicles, such that it remained on the "hot list" and in Vigilant's database

2

1   until at least November 25, 2018, when Plaintiffs Brian Hofer and Jonathan Hofer were

2   pulled over by Contra Costa County Sherriff's Deputies. *Id*. ¶ 51.

3       Plaintiffs' Complaint alleges six total causes of action.  However, as it relates to the

4   City, Plaintiffs allege only one cause of action—negligence.  Specifically, Plaintiffs allege

5   that the City "negligently breached its duty to maintain accurate records of stolen vehicles,

6   which records are transmitted to police agencies throughout California and the rest of the

7   United States." *Id*. ¶ 78.  Plaintiffs seek compensatory and punitive damages, as well as

8   attorney's fees and costs. *Id*. ¶ 81.

9   **LEGAL STANDARD**

10       Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may

11   move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can

12   be granted. *See* Fed.R.Civ.P. 12(b)(6). In evaluating the sufficiency of a complaint under

13   Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally

14   require only that the complaint contain "a short and plain statement of the claim showing

15   that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2).

16       To survive a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), a

17   complaint must plead sufficient facts to state a facially plausible claim to relief. *See Bell*

18   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Conservation Force v. Salazar*, 646

19   F.3d 1240, 1242 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads

20   factual content that allows the court to draw the reasonable inference that the defendant is

21   liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing

22   *Twombly*, 550 U.S. at 556). The plausibility standard requires more than a sheer possibility

23   that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678. Where a complaint pleads

24   facts that are "merely consistent with" a defendant's liability, it "stops short of the line

25   between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557.

26       A pleading that offers "labels and conclusions" or "a formulaic recitation of the

27   elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The allegations in a

28   complaint or counterclaim must be sufficiently plausible, "such that it is not unfair to

3

1    require the opposing party to be subjected to the expense of discovery and continued

2    litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101

3    (2012).  Additionally, a complaint is properly dismissed under Rule 12(b)(6) when there is

4    a "'lack of a cognizable legal theory or the absence of sufficient facts alleged under a

5    cognizable legal theory.'" *California Parents for the Equalization* of *Educational Materials*

6    *v. Torlakson, 267* F.Supp.3d 1218,1223 (N.D. Cal. 2017) (citing *Balisteri v. Pacifica Police*

7    *Dept.,* 901 F.2d 696, 699 (9th Cir. 1990)). While the court is to accept as true the factual

8    allegations set forth in the complaint, it need not accept legal conclusions that are phrased

9    as factual allegations. *Twombly,* 550 U.S. at 550.

10                                    **ARGUMENT**

11   **I.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO
            STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

12            The claim of negligence that Plaintiffs assert in their Complaint against the City is

13   not cognizable under the law and/or not supported by sufficient factual material to

14   establish a plausible entitlement to relief.  First, Plaintiffs' cause of action is precluded by

15   the California Tort Claims Act because there is no statutory basis for their claim.

16   Secondly, Plaintiffs fail to allege facts to establish a plausible entitlement to relief because

17   the City had no duty under the facts alleged by Plaintiffs.  Finally, based upon the facts

18   alleged by Plaintiffs, the City is entitled to immunity, and thus Plaintiffs are entitled to no

19   relief.

20            **A.  Plaintiffs' Complaint lacks a statutory basis to assert that claim.**

21            Plaintiffs' cause of action is precluded by the California Tort Claims Act.  Plaintiffs

22   cannot recover damages from a public entity unless there is a statutory basis for their

23   claim and the entity does not have immunity.  The City is a public entity. *See* Cal. Gov.

24   Code § 811.2.

25            Except as otherwise provided by statute:

26            (a) A public entity is not liable for an injury, whether such injury
            arises out of an act or omission of the public entity or a public
27            employee or any other person.

28

4

> (b) The liability of a public entity established by this part (commencing with Section 814) is subject to any immunity of the public entity provided by statute, including this part, and is subject to any defenses that would be available to the public entity if it were a private person.

Cal. Gov. Code § 815.

Thus, the City can be held liable only if there is a statute that subjects it to civil liability.

> Of course there is no common law tort liability for public entities in California; such liability is wholly statutory. [citations omitted] Under the California Tort Claims Act, Government Code section 810, et seq., "[e]xcept as otherwise provided by statute ... [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." (Gov.Code, § 815, subd. (a).) Government Code section 815 thus "abolishes all common law or judicially declared forms of liability for public entities, except for such liability as may be required by the state or federal constitution[.]" [citation omitted]

> As [the California] Supreme Court has explained, "the intent of the [California Tort Claims Act] is not to expand the right of plaintiffs in suits against governmental entities, but to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied." [citations omitted] Consequently, the Public Entity Defendants may be held liable *only* if there is a statute subjecting them to civil liability. [citation omitted] In the absence of such a statute, a public entity's sovereign immunity bars the suit. [citation omitted]

*In re Groundwater Cases*, 64 Cal. Rptr. 3d 827, 848–49 (Ct. App. 2007).  Plaintiffs' Complaint fails to cite a statutory basis for their claim against the City, and therefore lacks a cognizable legal theory.

## B.  The City had no duty under the facts alleged by Plaintiffs.

Plaintiffs fail to allege facts that, if taken as true, would demonstrate that the City had a legal duty, the City breached that duty, and that the City is the proximate cause of any injuries to Plaintiffs.  Under California law, the question of applicability of a statutory immunity does not even arise until it is determined that a defendant otherwise owes a duty

5

of care to the plaintiff and thus would be liable in the absence of such immunity. *Davidson v. City of Westminster*, 649 P.2d 894, 896 (Cal. 1982).  While the court is to accept as true the factual allegations set forth in the complaint, it need not accept legal conclusions that are phrased as factual allegations. *Twombly,* 550 U.S. at 550.  "[T]he existence of a duty is a question of law for the court." *Kentucky Fried Chicken of Cal., Inc. v. Superior Court*, 927 P.2d 1260 (Cal. 1997).

Plaintiffs allege that the City negligently breached its duty to maintain accurate records of stolen vehicles, which records are transmitted to police agencies throughout California and the rest of the United States. Complaint, ¶ 78.  Plaintiffs' conclusory allegations that the City has such a duty is legally insufficient because: (1) the City has no such duty, and (2) Plaintiffs fail to allege a special relationship between the City and Plaintiffs that would create a duty for the City as it relates to Plaintiffs.  Plaintiffs' "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

### 1. The City has no duty to maintain accurate records in a third-party's system.

Plaintiffs do not allege that the City acted negligently on October 20, 2018, when, in response to receiving a report that the vehicle had been stolen, the SJPD placed the vehicle on the "hot list" of stolen vehicles. Complaint, ¶ 50.  Plaintiffs allege that "[a]fter the vehicle was recovered, the [SJPD] failed to remove the vehicle from the list of stolen vehicles, such that it remained on the 'hot list' and in VIGILANT's database until at least November 25, when [Plaintiffs] were pulled over." *Id.* ¶ 51.  Thus, Plaintiffs' claim against the City is premised on Plaintiffs' allegations that the City failed to act.

As a preliminary matter, the City should not and cannot have a duty to maintain the accuracy of Vigilant's database, as no facts have been alleged that would give rise to a duty of the City to maintain accurate records in a third party's system. Secondly, Plaintiffs allege no facts to indicate that the recovery of the vehicle was reported to the SJPD or that the SJPD was aware that the vehicle had been recovered prior to November 25, 2018, nor

6

do Plaintiffs allege that the vehicle was recovered by the SJPD or within the geographical

jurisdiction of the City.  Thus, Plaintiffs would have the court impose a duty of omniscience

on a City to know the status of every vehicle reported stolen within its boundaries that is

later recovered, regardless of where or by whom, in addition to a duty to ensure the

accuracy of records that are maintained by a third party.  No such duty should be found.

> In determining the existence of a duty of care in a given case,
> pertinent factors to consider include the "foreseeability of harm to the
> plaintiff, the degree of certainty that the plaintiff suffered injury, the
> closeness of the connection between the defendant's conduct and the
> injury suffered, the moral blame attached to the defendant's conduct,
> the policy of preventing future harm, the extent of the burden to the
> defendant and consequences to the community of imposing a duty to
> exercise care with resulting liability for breach, and the availability,
> cost, and prevalence of insurance for the risk involved." [citation]
> "When public agencies are involved, additional elements include 'the
> extent of [the agency's] powers, the role imposed upon it by law and
> the limitations imposed upon it by budget[.]

*Davidson v. City of Westminster*, 649 P.2d 894, 897 (Cal. 1982) (citations omitted).

The factors listed by the court in *Davidson* weigh in favor of finding no duty of care

for the City in this case.  Of particular relevance is the role imposed upon the City by law

under California Vehicle Code Section 10500.  Upon receiving a report based on reliable

information that a vehicle has been stolen, the SJPD is required to report that information

to the Department of Justice Stolen Vehicle System ("DOJSVS").  *See* Cal. Vehicle Code

§ 10500(a).  However, the law does not impose a duty upon the original reporting police

agency to report recovery of the vehicle to the DOJSVS.  On the contrary, the law assigns

responsibility to report the recovery of a stolen vehicle to the DOJSVS to the officer who

receives information of the recovery of the vehicle.  *Id*.  At the same time, the recovering

officer is required to advise the original reporting police agency of the location and

condition of the vehicle. *Id*.  The original reporting police agency, upon receipt of the

information from the recovering officer, is required only to attempt to notify the reporting

party. *Id*.  Thus, absent allegations that the vehicle was recovered by a SJPD officer or

that a SJPD officer received information of the recovery of the vehicle, Plaintiffs have

7

1  failed to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is

2  plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

3         Furthermore, even if the Plaintiffs' had alleged facts to demonstrate that the City

4  has a duty to maintain accurate records of stolen vehicles, Plaintiffs fail to allege facts that

5  would make the City liable to Plaintiffs for any breach of that duty because Plaintiffs fail to

6  plead facts that the City did not exercise reasonable diligence to discharge that duty.

7  Plaintiffs also fail to plead facts to establish that the provisions of the California Vehicle

8  Code requiring a police officer to report the recovery of a stolen vehicle to the DOJSVS

9  are designed to protect against the risk of Plaintiffs' particular kind of alleged injuries.

10              **2.  There is no special relationship between Plaintiffs and the City.**

11         As a general matter, there is no duty to act to protect others from the conduct of

12  third parties, but California "courts have recognized exceptions to the general no-duty-to-

13  protect rule, one of which [is] the 'special relationship' doctrine." *Delgado v. Trax Bar &*

14  *Grill*, 113 P.3d 1159, 1165 (Cal. 2005). "Such a duty may arise if ' "(a) a special relation

15  exists between the actor and the third person which imposes a duty upon the actor to

16  control the third person's conduct, or (b) a special relation exists between the actor and

17  the other which gives the other a right to protection." ' " *Zelig v. Cty. of Los Angeles*, 45

18  P.3d 1171, 1183 (Cal. 2002) (quoting *Davidson v. City of Westminster*, 649 P.2d 894 (Cal.

19  1982)).  Plaintiffs have not alleged facts establishing that the City or any employee of the

20  City voluntarily undertook special duties to protect Plaintiffs or to control the conduct of the

21  Contra Costa County Sheriff's Deputies on November 25, 2018, nor that any City officer or

22  employee did anything to induce Plaintiffs to rely upon a promise of special protection.

23  Accordingly, no special relationship exists between the City and Plaintiffs that would create

24  a duty for the City as it relates to the Plaintiffs.

25              **C.  The City is entitled to immunity from liability for Plaintiffs' claims.**

26              **1.  The City is protected by the litigation privilege.**

27         Plaintiffs' claim against the City is premised on the City's report of a stolen vehicle

28  to other police agencies.  "[U]nder California law, reports to police of suspected criminal

8

activities—even false reports made with malice—are absolutely privileged and may not serve as predicates for tort claims, except the tort of malicious prosecution." *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1090 (C.D. Cal. 2009) (citing *Ibrahim v. Department of Homeland Security*, 538 F.3d 1250, 1258 (9th Cir.2008); *see also* Cal. Civil Code § 47 (providing that certain publications or broadcasts are privileged).

### 2. The City is entitled to immunity pursuant to California Government Code sections 815.2(b) and 821.6.

"Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Cal. Gov. Code, § 815.2(b).  California Government Code section 821.6 provides that a public employee is immune for injury caused by instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause. Cal. Gov. Code § 821.6. California courts have extended Section 821.6 immunity to bar claims based upon negligent police investigation as "an essential step toward the institution of formal proceedings." *Amylou R. v. County of Riverside*, 34 Cal.Rptr.2d 319, 321 (Ct. App. 1994) (internal quotations omitted).  In this case, the SJPD reported the stolen vehicle to the DOJSVS in the course of investigating the crime of the stolen vehicle.  Assuming, *arguendo*, that a SJPD officer was negligent in the course of that investigation, the City is immune from liability.

### 3. The City is entitled to immunity pursuant to California Government Code section 818.8

The essence of Plaintiffs' negligence claim against the City is that the City communicated incorrect information to other police agencies that the vehicle was stolen and unrecovered.  Government Code Section 818 states that "[a] public entity is not liable for an injury caused by misrepresentation by an employee of the public entity, whether or not such misrepresentation be negligent or intentional." Cal. Gov. Code § 818.8.  Thus, assuming *arguendo* that a City employee is responsible for the negligent or intentional misrepresentation of the vehicle as stolen, the City is immune from liability.

9

**4.  Plaintiffs' claim for punitive damages is precluded by law.**

California Government Code Section 818 states that "[n]otwithstanding any other provision of law, a public entity is not liable for damages [. . .] imposed primarily for the sake of example and by way of punishing the defendant." Cal. Gov. Code § 818. Consequently, Plaintiffs' claim for punitive damages is precluded as a matter of law.

## CONCLUSION

For the foregoing reasons, the City's motion to dismiss for failure to state a claim must be granted.  Plaintiff's Complaint should be dismissed because it fails to state a claim insofar as it lacks a cognizable legal theory of liability and alleges no facts establishing the City's liability for negligence. Defendant City of San José respectfully moves this Court for an order so ruling.

Respectfully submitted,

Dated:  July 1, 2019                          RICHARD DOYLE, City Attorney


By:   /s/  *Julia Van Roo*
      JULIA VAN ROO
      Deputy City Attorney

Attorneys for CITY OF SAN JOSE

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS                    Case No. 3:19-cv-02205

1631288