Glenn Katon SBN 281841
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN HOFER, et al, <br><br> Plaintiffs, <br><br> v. <br><br> KYLE EMLEY, et al., <br><br> Defendants. | Case No. 3:19-cv-02205-JSC <br><br> **PLAINTIFFS' OPPOSITION TO CITY OF SAN JOSE'S MOTION TO DISMISS** <br><br> Hearing: Sept. 12, 2019, 9:00 a.m. <br> Courtroom F, 15th Floor |

Plaintiffs oppose Defendant City of San José's Motion to Dismiss based upon the following:

## I. INTRODUCTION

The City of San José (City) apparently received a report in October 2018 that a car owned by Getaround, Inc. was stolen. It transmitted that report to state and national databases that track stolen vehicles. The City then apparently received information that the Getaround car was recovered or never stolen. The City did not, however, report to those same databases that the car was not stolen. Plaintiff Brian Hofer rented the Getaround vehicle so he and his brother Jonathan

could visit family over Thanksgiving. Because of the City's negligence, Contra Costa County deputies using an automatic license plate reader received a "hit" that the car Brian was driving home (and in which Jonathan was a passenger) after the holiday was stolen. Deputies stopped the car, brutalized Brian and Jonathan and illegally searched their belongings, and wrongfully detained them for approximately 40 minutes.

## II.   FACTS

Plaintiff Brian Hofer rented a car from Defendant Getaround, Inc. to visit family over Thanksgiving with his brother, Jonathan. Am. Compl. ¶ 15. On their way home, Defendant Contra Costa County Deputies stopped them, apparently based upon the mistaken belief that the car was stolen, used excessive force against them, and illegally searched the car and their belongings. *Id*. ¶¶ 36, 73-77. Someone had apparently reported the car stolen to the City, which then notified other police agencies and vendors that the car was stolen. *Id*. ¶ 54. Soon thereafter, someone from Getaround informed the City's police department by text and telephone that the car was either recovered or never stolen. *Id*. ¶ 55. Notwithstanding its apparent receipt of that important information, the City's police department failed to update its records to indicate that the car was no longer stolen, so no such update was transmitted to police agencies throughout California and the rest of the United States. *Id*. ¶¶ 56, 91.

## III.   ARGUMENT

**A. Plaintiffs' Negligence Claim Against the City of San José**

    *1.  Breach of mandatory duty*

Plaintiffs' allege that "SAN JOSE negligently breached its duty to maintain accurate records of stolen vehicles, which records are transmitted to police agencies throughout California and the rest of the United States." Am. Compl. ¶ 91. That a police agency would have a duty to notify other police agencies that a car it had reported stolen was recovered or never stolen in the first place should be beyond peradventure. Absent such a duty, all drivers of stolen cars that were recovered or never stolen would be subject to being stopped by police and, if stopped by incompetent or malicious officers such as the Contra Costa deputies in this case, beaten or killed.

PLAINTIFFS' OPPOSITION TO CITY OF SAN JOSE'S MOTION TO DISMISS
3:19-cv-02205                                                                                                       Page 2

could visit family over Thanksgiving. Because of the City's negligence, Contra Costa County deputies using an automatic license plate reader received a "hit" that the car Brian was driving home (and in which Jonathan was a passenger) after the holiday was stolen. Deputies stopped the car, brutalized Brian and Jonathan and illegally searched their belongings, and wrongfully detained them for approximately 40 minutes.

## II.   FACTS

Plaintiff Brian Hofer rented a car from Defendant Getaround, Inc. to visit family over Thanksgiving with his brother, Jonathan. Am. Compl. ¶ 15. On their way home, Defendant Contra Costa County Deputies stopped them, apparently based upon the mistaken belief that the car was stolen, used excessive force against them, and illegally searched the car and their belongings. *Id*. ¶¶ 36, 73-77. Someone had apparently reported the car stolen to the City, which then notified other police agencies and vendors that the car was stolen. *Id*. ¶ 54. Soon thereafter, someone from Getaround informed the City's police department by text and telephone that the car was either recovered or never stolen. *Id*. ¶ 55. Notwithstanding its apparent receipt of that important information, the City's police department failed to update its records to indicate that the car was no longer stolen, so no such update was transmitted to police agencies throughout California and the rest of the United States. *Id*. ¶¶ 56, 91.

## III.   ARGUMENT

**A. Plaintiffs' Negligence Claim Against the City of San José**

    *1.  Breach of mandatory duty*

Plaintiffs' allege that "SAN JOSE negligently breached its duty to maintain accurate records of stolen vehicles, which records are transmitted to police agencies throughout California and the rest of the United States." Am. Compl. ¶ 91. That a police agency would have a duty to notify other police agencies that a car it had reported stolen was recovered or never stolen in the first place should be beyond peradventure. Absent such a duty, all drivers of stolen cars that were recovered or never stolen would be subject to being stopped by police and, if stopped by incompetent or malicious officers such as the Contra Costa deputies in this case, beaten or killed.

*See, e.g.*, Scott Morris, "Alameda County Leads Region in Civil Rights Payouts," *East Bay Express*, July 11, 2018[1] (Contra Costa County paid nearly $2.8 million in civil rights settlements and judgments between 2015 and 2017).

Incredibly, San José argues that it "has no duty under the facts alleged by Plaintiffs." City Mot. to Dismiss at 4/26-27. Thus, according to City, it could continue to report vehicles stolen to national databases but not report them when recovered, without facing tort liability. This position fails as a matter of law.

Most importantly, the City has a mandatory statutory duty to report stolen vehicles that are recovered to the appropriate Department of Justice automated property system. The California Penal Code provides that:

> Each sheriff or police chief executive *shall* submit descriptions of serialized property, or nonserialized property that has been uniquely inscribed, which has been reported stolen, lost, *found*, *recovered*, held for safekeeping, or under observation, directly into the appropriate Department of Justice automated property system for stolen bicycles, *stolen vehicles*, or other property, as the case may be.

Penal Code § 11108 (emphasis added). That statute refers to the mandatory duty imposed on the City's Chief of Police, and the Government Code makes the City liable for the Chief's breach of that duty. Govt Code § 815.2. Further, the Government Code provides that when a public entity's breach of a mandatory duty causes an injury of the type that the duty is designed to protect against, the public entity is liable for the injury, unless it establishes that it exercised reasonable diligence to discharge the duty. Govt Code § 815.6. It should be clear that one of the reasons the law requires chiefs of police to report to the Department of Justice when stolen vehicles are recovered is that people in cars that are not stolen, such as Plaintiffs, should not be stopped and brutalized.

2. *Breach of duty to same extent as private person*

In addition to the mandatory statutory duty imposed by the Penal Code, described above,

---

[1] https://www.eastbayexpress.com/oakland/alameda-county-leads-region-in-civil-rights-payouts/Content?oid=17991968

employees of the City who failed to report the vehicle Brian rented as recovered were negligent under the Government Code section that makes a public employee "liable for injury caused by his act or omission to the same extent as a private person." By analogy, a private owner of a vehicle who reported it stolen then failed to report it recovered before loaning it to Brian would be liable for negligence, since the risk that Brian would be stopped by police is eminently foreseeable, which is the measure of an individual's duty for purposes of tort liability.[2] *See Lawson v. Safeway Inc.*, 119 Cal. Rptr. 3d 366, 372 (Cal. App. 1st Dist. 2010) ("[T]he chief element in determining whether defendant owes a duty or an obligation to plaintiff is the foreseeability of the risk....") (quoting *Dillon v. Legg*, 68 Cal.2d 728, 740 (1968)). The risk that the failure of the City's Chief of Police to report that the car Brian rented was recovered would result in, the very least, him being wrongfully stopped by police is entirely foreseeable, if not inevitable. Again, the Government Code makes the City liable for its employees' breach of duty. Govt Code § 815.2.

### B. The City's Arguments that Plaintiffs' Complaint Fails to State a Claim Are Without Merit

1. *"Plaintiffs' FAC lacks a statutory basis to assert their claim."*

Plaintiffs have provided the statutory bases for their claim against the City, above.

2. *"Plaintiffs' negligence claim against the City fails because the City had no duty under the facts alleged by Plaintiffs."*

The statutory duties the City breached are explained above. Plaintiffs do not allege that the City had "duty to maintain accurate records in a third-party's system," so that argument is irrelevant.

3. *"There is no special relationship between Plaintiffs and the City."*

Plaintiffs do not allege that the City's duty to report that the car it had reported stolen was recovered was based upon a special relationship.

4. *"The City is entitled to immunity from liability for Plaintiffs' claims."*

The City does not cite an immunity applicable to Plaintiffs' claims. It first asserts

---

[2] Reporting a stolen vehicle recovered to the Department of Justice is a uniquely government function, but a private owner's failure to make a similar report reflects the same negligence.

incorrectly that "Plaintiff's claim against the City is premised on the City's report of a stolen vehicle to other police agencies." Plaintiffs' claim is instead based upon the City's failure to report that the vehicle was recovered or not stolen. Second, the City mischaracterizes its failure to report the vehicle recovered or not stolen as a "judicial or administrative proceeding," or by extension, an "investigation," subject to immunity under Government Code § 821.6. Plaintiffs do not challenge any judicial or administrative proceeding, or investigation, so § 821.6 immunity does not apply. Third, the City again mischaracterizes Plaintiffs' allegation to try to invoke an immunity that doesn't apply when it asserts that the "essence of Plaintiffs' negligence claim against the City is that the City communicated incorrect information to other police agencies that the vehicle was stolen and unrecovered." In fact, Plaintiffs' never allege that the City communicated incorrect information to anyone.

    5.   *"Plaintiffs' claim for punitive damages is precluded by law."*

Plaintiffs do not specifically assert a punitive damage claim against the City and they agree that such damages are not recoverable under the Government Code.

### IV.   CONCLUSION

For the foregoing reasons, the City's Motion to Dismiss should be denied in its entirety.

Respectfully submitted,

/s/ Glenn Katon
Glenn Katon

ATTORNEY FOR PLAINTIFFS