Glenn Katon SBN 281841
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

BRIAN HOFER, et al,

    Plaintiffs,

v.

KYLE EMLEY, et al.,

    Defendants.

Case No. 3:19-cv-02205-JSC

**PLAINTIFFS' OPPOSITION TO VIGILANT SOLUTIONS' MOTION TO DISMISS**

Hearing: Sept. 12, 2019, 9:00 a.m.
Courtroom F, 15th Floor

    Plaintiffs oppose Defendant Vigilant Solutions, LLC's Motion to Dismiss based upon the following:

## I. INTRODUCTION

    The Court should deny Defendant Vigilant Solutions, LLC's Motion to Dismiss Plaintiffs' negligence claim because they have alleged that Vigilant failed to update its list of stolen vehicles it stores in connection with its automated license plate readers, and that such failure caused Contra Costa County Sheriff's Deputies to stop them while driving and use force against them. Vigilant has a duty to keep accurate records of stolen vehicles because it is reasonably foreseeable

that failing to do so will cause innocent drivers and passengers, such as Plaintiffs Brian and Jonathan Hofer, to be stopped by police. While the amount of damages foreseeable from Vigilant's negligence may be debatable, its negligence was virtually certain to cause some amount of loss of liberty, which it did. Vigilant's reliance on information from government websites to try to refute the allegations in the Amended Complaint is improper, since that information does not meet the requirement of Federal Rule of Evidence 201 that judicially noticed facts are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

## II. FACTS

Defendant Vigilant Solutions, LLC (Vigilant) makes automated license plate readers (ALPRs) and hosts the data used by those readers. Am. Compl. ¶ 61. Defendant Deputy Gant of the Contra Costa Sheriff's Office stopped Plaintiffs Brian and Jonathan Hofer based upon an erroneous "hit" from Vigilant's ALPR indicating that the car they were in was stolen. *Id*. ¶¶ 31, 36, 43. The San José police department reported that the car Brian rented was actually not stolen or had been recovered in a manner that notified Vigilant that the car should not be on its stolen vehicle list. *Id*. ¶ 62. Nevertheless, Vigilant failed to update its list of stolen vehicles, such that the car remained in Vigilant's ALPR system until at least November 25, 2018, when Contra Costa County deputies stopped Brian and Jonathan. *Id*. ¶¶ 62-63. After Defendant Contra Costa County deputies stopped Brian and Jonathan based upon the erroneous information provided by Vigilant, the deputies proceeded to use excessive force against them and illegally search the car and their belongings. *Id*. ¶¶ 36, 73-77.

## III. ARGUMENT

Plaintiffs do not dispute the elements of a negligence under California law set forth in Vigilant's Motion to Dismiss: (1) a legal duty to use due care; (2) a breach of that duty; (3) causation; and (4) damages. Vigilant Mot. to Dismiss (Dkt 46) 6/10-11. Plaintiffs also do not dispute Vigilant's assertion that the chief factor in duty analysis is foreseeability of harm, and that the foreseeability component of duty analysis is a legal issue. *Id*. 7/16-17.

### A. Plaintiffs' Adequately Allege a Negligence Claim Against Vigilant

Vigilant has a duty to maintain accurate records of stolen vehicles because it is entirely foreseeable that maintaining inaccurate records will result in drivers of vehicles that are not stolen being stopped by police, at the very least, if not subjected to greater inconvenience and harm. Plaintiffs allege clearly that Vigilant breached its duty by failing to update its records when it was notified that the car Brian rented was recovered or had not been stolen. Am. Compl. ¶¶ 62-63. Under California law, Vigilant's failure to maintain accurate records need only be a "substantial factor" in causing the harm suffered by Brian and Jonathan for it to be a legal cause. California Civil Jury Instruction (CACI) 430. "A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm." *Id*. There can be no doubt that Vigilant's failure to maintain accurate records contributed to the harm to Brian and Jonathan, since the false "hit" provided by Vigilant's ALPR caused Contra Costa County deputies to stop Brian and Jonathan.

The extent of the damages sustained by Brian and Jonathan that are attributable to Vigilant's negligence may be disputed. At the very least, that negligence caused police to subject Brian and Jonathan to a traffic stop. The Contra Costa County defendants have argued that based on the erroneous hit from Vigilant's ALPR, it was reasonable for them to point weapons at Brian and Jonathan, handcuff them, throw Jonathan to the ground and put a gun to the back of his head execution style, and detain them for 40 minutes. Contra Costa County Defs.' Mot. to Dismiss (Dkt 43) 1/27-2/2. If such outrageous conduct were, indeed, reasonable, it would be foreseeable to Vigilant that its negligence would cause all the harm suffered by Brian and Jonathan.

### B. Vigilant Cannot Rely on Inadmissible Evidence Outside the Record on a Motion to Dismiss

Plaintiffs allege that Vigilant breached its duty to maintain accurate records of stolen vehicles, which records are transmitted to and relied upon by police agencies throughout California and the rest of the United States through its ALPR system. Am. Compl. ¶ 93. In response to this allegation, Vigilant tries to refute Plaintiffs' allegation with an abundance of

information taken from government websites, which it would have the Court consider for its substance.

Generally, a district court may not consider material outside the complaint when assessing its sufficiency under a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The court may, however, take judicial notice of matters of public record without converting the motion to dismiss into a motion for summary judgment. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). "But a court cannot take judicial notice of disputed facts contained in such public records." *Id*. Here, Vigilant asks the Court to take judicial notice of "facts" far afield of the Federal Rule of Evidence's provision for facts "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Vigilant asks the Court to take judicial notice not just of the existence of the state and federal government databases and policies it found on agency websites, but that those databases and policies were used in the circumstances Plaintiffs alleged. Even more problematic, Vigilant asks the Court to conclude, as a matter of law, that the databases and policies actually operated as described on the government websites when Contra Costa County deputies apparently received information from Vigilant's ALPR on November 25, 2018, and used it as the basis to stop Brian and Jonathan. Vigilant Mot. to Dismiss at nn.1-3. Of course, the Court has no way of knowing at this stage of the litigation: (1) if the databases described in the websites Vigilant cites were the databases Vigilant used on November 25, 2018, (2) if they were used, whether they actually functioned in the matter described on the websites according to policy, and (3) whether Vigilant has control over the data it stores on its equipment, regardless of its assertion that the agency that entered the data into the databases described is responsible for modifying it. Vigilant Mot. to Dismiss at 3 n.2.

The court's decision in *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012), is instructive. The plaintiff putative class in *Ries* sued defendant beverage companies for a several unfair business claims, alleging the representation of its iced tea as "all natural" was

misleading given that it contained high fructose corn syrup and citric acid. 287 F.R.D. at 527. Defendants moved for summary judgment and Plaintiffs requested judicial notice of correspondence from the United States Food and Drug Administration regarding a rejection of "a petition to change the name of High Fructose Corn Syrup to Corn Sugar" and other correspondence "expressing that FDA's policy that a food may not be labeled "natural" if the product contains citric acid." *Id*. at 542. Using language equally apt to this case, the court held: "The question of whether HFCS and citric acid are natural is central to the reasonable dispute between the parties over whether defendants' labels are indeed misleading. It is not the proper subject of judicial notice. Plaintiffs' request is denied." *Id*. It is submitted that the facts upon which Vigilant would have this Court dismiss Plaintiffs' claim against it are more subject to reasonable dispute than those in the *Ries* case.

## IV.  CONCLUSION

For the foregoing reasons, Vigilant's motion to dismiss Plaintiffs' negligence claim should be denied in its entirety.

Respectfully submitted,

/s/ Glenn Katon
Glenn Katon

ATTORNEY FOR PLAINTIFFS
