1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHARON L. ANDERSON (SBN 94814)
County Counsel
DYLAN RADKE (SBN 207757)
Deputy County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, Ninth Floor
Martinez, California 94553
Telephone:    (925) 335-1800
Facsimile:    (925) 335-1866
Electronic Mail: dylan.radke@cc.cccounty.us

Attorneys for Defendants
COUNTY OF CONTRA COSTA, KYLE EMLEY,
WILLIAM ODOM and BRANDON GANT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HOFER and JONATHAN HOFER,<br><br>Plaintiffs,<br><br>v.<br><br>KYLE EMLEY, a Contra Costa County Deputy Sheriff, in his individual capacity, WILLIAM ODOM, a Contra Costa County Deputy Sheriff, in his individual capacity, BRANDON GANT, a Contra Costa County Deputy Sheriff, in his individual capacity, Defendant DOE 1, a Contra County Deputy Sheriff, in his individual capacity, COUNTY OF CONTRA COSTA, a municipal corporation, CITY OF SAN JOSE, a municipal corporation, VIGILANT SOLUTIONS, INC., GETAROUND, INC. and DOES 1 to 50,<br><br>Defendants. | No. C19-02205 JSC<br><br>DEFENDANTS COUNTY OF CONTRA COSTA, KYLE EMLEY, WILLIAM ODOM AND BRANDON GANT'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT<br><br>Date:    September 12, 2019<br>Time:    9:00 a.m.<br>Crtrm:  F, 15th Floor<br>Judge:  Hon. Jacqueline Scott Corley, Presiding<br>Date Action Filed:  April 24, 2019<br>Trial Date:  None Assigned |

Defendant County of Contra Costa, Kyle Emley, William Odom and
Brandon Gant's Reply Memorandum of Points and Authorities in Support of Motion to
Dismiss Plaintiffs' First Amended Complaint - Case No. C19-02205 JSC

1  Defendants County of Contra Costa ("County"), Deputy Kyle Emley ("Emley"), Deputy
2  Brandon Gant ("Gant") and (retired) Sergeant William Odom ("Odom") (collectively
3  "Defendants") submit the following reply memorandum of points and authorities in support of
4  their motion to dismiss plaintiffs Brian Hofer and Jonathan Hofer's ("Plaintiffs") amended
5  complaint (Doc. No. 38, "AC").

6  ## I.   INTRODUCTION

7  This case arises out of a high-risk vehicle enforcement stop on November 25, 2018,
8  when Gant stopped the vehicle driven by Plaintiffs after receiving a "hit" as a stolen vehicle on
9  his automated license plate reader ("ALPR").  Upon stopping the vehicle, Emley and Odom
10 provided Gant backup and assisted him with the investigation.  After a short detention, it was
11 determined that the vehicle had actually been stolen, but had since been returned and should
12 have been removed from the stolen vehicle database, and Plaintiffs were free to leave.  There
13 is no dispute that the vehicle was reported stolen when Gant engaged in the vehicle
14 enforcement stop.

15 Plaintiffs' AC along with the allegations in their initial Complaint, establish that the
16 traffic stop and subsequent detention were lawful.  As such, Defendants are not liable to
17 Plaintiffs for any alleged civil rights violations or for state law tort claims that arise from this
18 incident.  For these reasons, Plaintiffs' AC should be dismissed without leave to amend.

19 ## II.   LEGAL ARGUMENT

20 ### A.   Plaintiffs' First Cause of Action Fails to State a *Monell* Claim Against the County.

21 The AC's first cause of action alleges *Monell* liability against the County.  Under
22 Section 1983, a local government cannot be held responsible for the acts of its employees
23 under a *respondeat superior* theory of liability.  *Monell v. Dep't of Soc. Servs,* 436 U.S. 658,
24 691(1978); *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).  Instead, because
25 liability under Section 1983 must rest on actions of the municipality – and not the actions of its
26 employees – a plaintiff must prove that the alleged constitutional deprivation was the product
27 of a policy or custom of the municipality.  *Monell*, 436 U.S. at 690-691; *Brown*, 520 U.S. at
28

Defendant County of Contra Costa, Kyle Emley, William Odom and
Brandon Gant's Reply Memorandum of Points and Authorities in Support of Motion to
Dismiss Plaintiffs' First Amended Complaint - Case No. C19-02205 JSC                    2

403.  "Congress did not intend to impose liability on a municipality unless *deliberate* action attributable to the municipality itself is the 'moving force' behind the plaintiff's deprivation of federal rights." *Brown*, 520 U.S. at 400 (emphasis in original, quoting *Monell*, 436 U.S. at 694).

Therefore, a Section 1983 claim against a local government must allege: (1) facts "identify[ing]" an officially adopted policy or permanent custom of the local government; and (2) facts demonstrating that the policy or custom "caused" an employee to violate another person's constitutional right. *Monell*, 436 U.S. at 691-692 (citing 42 U.S.C. § 1983); *Brown*, 520 U.S. at 403. Such "rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." *Id.* at 405.

A complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). If a plaintiff's allegations do not bring his "claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads **factual content** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." *Id.* The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a complaint that offers "'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under the *Iqbal*/*Twombley* standard, Plaintiffs' AC does not state a plausible *Monell* claim against the County. The facts in the AC allege only a single, isolated constitutional violation. A single isolated violation is insufficient to confer liability against the County. *Brown*, 520 U.S. at 407-408. Plaintiffs' pattern and practice allegation is fatally insufficient

Defendant County of Contra Costa, Kyle Emley, William Odom and
Brandon Gant's Reply Memorandum of Points and Authorities in Support of Motion to
Dismiss Plaintiffs' First Amended Complaint - Case No. C19-02205 JSC                    3

1  because they only cite a *single* incident of allegedly unlawful treatment, i.e., Plaintiffs' own

2  stop and detention.  However, "[p]roof of a single incident of unconstitutional activity is not

3  sufficient to impose liability under Monell. . . ."  *City of Oklahoma v. Tuttle*, 471 U.S. 808,

4  823-24 (1985).  The allegations fail to identify that the County had a practice or custom of

5  subjecting drivers and passengers during traffic stops to substantial risk of harm and injury.

6      Plaintiffs' opposition states that the AC alleges a proper *Monell* claim based on the

7  ratification of Emley, Gant and Odom's actions by the Contra Costa County Sheriff's

8  Department.  Doc. No. 56, 4:17-24.  Plaintiff's cite *Larez v. Los Angeles*, 946 F.2d 630 (9th

9  Cir. 1991) in support of this position.  However, in *Larez* Plaintiffs alleged that Los Angeles

10 Police Chief Daryl Gates and the City allowed the perpetuation or unconstitutional policies and

11 customs of excessive force, illegal searches including official tolerance for the destruction of

12 property during searches, and inadequate complaint procedures that had the effect of

13 encouraging the use of excessive force.  *Larez*, 946 F.2d at 635.  The AC contains no

14 allegations that the Contra Costa County Sheriff's Department has allowed for the

15 perpetuation of unconstitutional policies, nor does the statement attributed Contra Costa

16 County Sheriff ratify such conduct.

17     Because Plaintiffs only allege "labels and conclusions" of liability, their *Monell* claim

18 must be dismissed.  *Twombly*, 550 U.S. at 555.  For all of these reasons, the first cause of

19 action must be dismissed against the County.

20    **B.    Plaintiffs were not Arrested.**

21     The law is clear that an investigative detention does not automatically become an arrest

22 when officers draw their guns. See, e.g., *United States v. Buffington*, 815 F.2d 1292, 1300 (9th

23 Cir.1987) (no arrest when defendants were forced from their car and made to lie down on the

24 pavement at gunpoint). Nor does handcuffing always convert a stop into an arrest. See *Allen v.

25 City Of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995) (pointing a weapon at a suspect,

26 ordering him to lie on the ground, handcuffing him, and placing him in a vehicle for

27 questioning did not convert an investigatory detention into an arrest). Nor does the length of

28 the plaintiffs' detention automatically convert it into an arrest. There is no set time limit for a

Defendant County of Contra Costa, Kyle Emley, William Odom and
Brandon Gant's Reply Memorandum of Points and Authorities in Support of Motion to
Dismiss Plaintiffs' First Amended Complaint - Case No. C19-02205 JSC          4

permissible investigative stop; the question is whether the police diligently pursued a means of investigation reasonably designed to confirm or dispel their suspicions quickly. *United States v. Sharpe*, 470 U.S. 675, 686-688 (1985); *People v. Russell,* 81 Cal. App. 4th 96 (2000). Whether a police detention is an arrest or an investigatory stop is a fact-specific inquiry, *Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir.1996), guided by the general Fourth Amendment requirement of reasonableness. *Texas v. Brown,* 460 U.S. 730, 739 (1983). This inquiry requires us to consider "all the circumstances surrounding the encounter" between the individual and the police (*Florida v. Bostick*, 501 U.S. 429, 439 (1991)) "by evaluating not only how intrusive the stop was, but also whether the methods used [by police] were reasonable given the specific circumstance. . . ." *Washington,* 98 F.3d at 1185.

Plaintiffs cite *Washington* and *Johnson v. Bay Area Rapid Transit Dist.* 724 F.3d 1159 (9th Cir. 2013) for the proposition that Plaintiffs' detention amounted to an arrest without probable cause. Plaintiffs' reliance on these cases is misplaced. Both cases involve vague suspect descriptions and investigations that were conducted after the alleged criminal conduct had concluded.[1] That is significantly different from this case, where Plaintiffs were stopped potentially during the commission of a crime. Further, Plaintiffs cite *Johnson* for four circumstances that courts have recognized where it is appropriate for an officer to use the level of force that would ordinarily bring to mind an arrest. *Johnson* 724 F.3d at 1176. However, the Court in *Johnson* does not suggest that the four circumstances is an exhaustive list and instead qualifies these circumstances as "some" of the circumstances where the level of force was appropriate. *Id.*

There is nothing alleged in the AC or cited in Plaintiffs' case law that suggests that Plaintiffs were subjected to anything more that an appropriate investigative detention, and once it was determined that they had lawfully rented the car, they were released from

---

[1] *Washington* involved stopping two African-American males based on vague descriptions in height, weight and age, for robberies that occurred in different cities in several days to weeks in the past. *Johnson* involved a claimed fight between African-American males, with general clothing descriptions on a BART train, and that had concluded by the time the police officers had arrived.

Defendant County of Contra Costa, Kyle Emley, William Odom and
Brandon Gant's Reply Memorandum of Points and Authorities in Support of Motion to
Dismiss Plaintiffs' First Amended Complaint - Case No. C19-02205 JSC          5

1  handcuffs, an explanation was provided to them and they were free to leave. Accordingly,

2  there was no arrest.

3      **C.    Defendants Use of Force was Reasonable.**

4      In *Graham v. Connor*, 490 U.S. 386, 396-397 (1989), the Supreme Court explained that

5  a  police officer is not liable for force that is reasonable from the perspective of the officer.

6  "The 'reasonableness' of a particular use of force must be judged from the perspective of a

7  reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. at 396. The

8  Ninth Circuit and the Supreme Court have repeatedly recognized that officers in potentially

9  dangerous circumstances are entitled to protect themselves by drawing and pointing their

10  weapons at a suspect who may pose a threat, until the suspect demonstrates she is not a threat.

11  "Although approaching a suspect with drawn weapons are extraordinary measures. . . [they

12  are] justified. . . as a reasonable means of neutralizing danger to police and innocent

13  bystanders." *United States v. Alvarez*, 899 F.2d 833, 838 (9th Cir. 1990); see also *United*

14  *States v. Guzman-Padilla*, 573 F.3d 865, 884 (9th Cir. 2009); *Alexander v. County of Los*

15  *Angeles*, 64 F.3d 1315, 1320 (9th Cir. 1995). As discussed above, *Graham* is not a rigid

16  three-part inquiry. The *Graham* court did not limit the inquiry to the factors considered in that

17  case. Instead, the court instructed that the jury should consider whether the totality of the

18  circumstances justifies a particular sort of seizure. *Forrester v. San Diego,* 25 F.3d 804, 806,

19  (9th Cir. 1994), quoting *Tennessee v. Garner,* 471 U.S. 1, 8-9 (1985).

20      In *Pennsylvania v. Mimms,* 434 U.S. 106 (1977) the United States Supreme Court

21  specifically recognized the inordinate risk confronting an officer as he approaches a person

22  seated in an automobile. "According to one study, approximately 30% of police shootings

23  occurred when a police officer approached a suspect seated in an automobile. Bristow, Police

24  Officer Shootings-A Tactical Evaluation, 54 J.Crim.L.C. & P.S. 93 (1963)." *Adams v.*

25  *Williams,* 407 U.S. 143, 148 n. 3 (1972).

26      The Ninth Circuit allows "intrusive and aggressive police conduct without deeming it

27  an arrest. . . when it is a reasonable response to legitimate safety concerns on the part of the

28  investigating officers." *Washington* 98 F.3d at 1186 *accord Alexander v. County of Los*

Defendant County of Contra Costa, Kyle Emley, William Odom and
Brandon Gant's Reply Memorandum of Points and Authorities in Support of Motion to
Dismiss Plaintiffs' First Amended Complaint - Case No. C19-02205 JSC    6

1  *Angeles*, 64 F.3d 1315, 1320 (9th Cir.1995) ("It is well settled that when an officer reasonably

2  believes force is necessary to protect his own safety or the safety of the public, measures used

3  to restrain individuals, such as stopping them at gunpoint and handcuffing them, are

4  reasonable.")

5       In this case, Deputy Gant was investigating a serious crime: a stolen car and possibly

6  other criminal activity that would motivate the driver to steal the car.  Under *Pennsylvania*

7  Deputy Gant's traffic stop of Plaintiffs to investigate a reported stolen vehicle presented a

8  safety concern for him, the other officers and the public at large.  Under *Washington*, such a

9  safety concern warranted the officers drawing their guns and temporarily handcuffing

10  Plaintiffs.

11       There is no dispute that the car Plaintiffs were driving was reported stolen and was not

12  removed from the stolen car database prior to their stop.  Deputy Gant observed the reported

13  stolen car and had a reasonable suspicion of criminal activity warranting stopping Plaintiffs to

14  investigate.  Further, because traffic stops, especially related to stolen cars, are high-risk stops,

15  Deputy Gant and the other officers were warranted in drawing their guns and handcuffing the

16  Plaintiffs while they conducted an investigation.  Based on this, Plaintiffs' Fourth Amendment

17  rights were not violated and their second cause of action should be dismissed with prejudice.

18       **D.     Deputy Gant Did Not Search Plaintiff Brian Hofer's Phone.**

19       Plaintiffs' opposition alleges that Gant searched plaintiff Brian Hofer's cellular phone

20  without obtaining a warrant in violation of his Fourth Amendment rights.  Plaintiffs cite *Riley*

21  *v. California* 573 U.S. 373, 386 (2014) in support of their argument that cellular phone

22  searches require a warrant.  In *Riley*, plaintiff was stopped for driving a vehicle with expired

23  registration.  Once stopped, law enforcement found additional violations and weapons in the

24  his vehicle.  Subject to arrest, law enforcement also took his cellular phone for the purpose of

25  searching it to find evidence of additional crimes.  The Supreme Court determined that such a

26  search required a warrant.  *Riley* 573 U.S. at 386.

27       *Riley* is significantly different from this case.  The AC alleges that when plaintiff Brian

28  Hofer informed Gant that he had rented the vehicle, Gant requested the rental information in

Defendant County of Contra Costa, Kyle Emley, William Odom and
Brandon Gant's Reply Memorandum of Points and Authorities in Support of Motion to
Dismiss Plaintiffs' First Amended Complaint - Case No. C19-02205 JSC                    7

1    order to verify that he had lawfully obtained the vehicle.  Doc. No. 38, ¶37.  Plaintiff Brian

2    Hofer then directed Gant to his cellular phone to retrieve the rental information.  *Id.*  Once

3    Gant returned with the phone, Gant opened the screen and plaintiff Brian Hofer directed him

4    to the Getaround application that had the rental information.  Doc. No. 38, ¶40.  Once opened,

5    Gant confirmed with Getaround that plaintiff Brian Hofer had rented the vehicle.  Doc. No. 38,

6    ¶41.

7         Gant did not conduct a search of plaintiff Brian Hofer's cellular phone, nor does the AC

8    allege facts that such a search did occur.  Instead, Gant used plaintiff Brian Hofer's cellular

9    phone, as he directed, to confirm the car rental.  There are no other allegations regarding the

10   use of the cellular phone.

11        **E.    Deputy Gant, Deputy Emley and Sergeant Odom are Entitled to Qualified
                  Immunity.**

12        The Ninth Circuit has not ruled on the legal question of whether an accurate ALPR alert

13   provides reasonable suspicion for a traffic stop.  Plaintiffs' car was still listed as stolen, and

14   that information was accurately conveyed to Deputy Gant.  There is no legal authority

15   suggesting Deputy Gant, Deputy Emley and Sergeant Odom could have known that they were

16   violating Plaintiffs' rights by detaining them.  The present case is complicated by the mistake

17   of fact that the reported stolen car had been returned but not removed from the stolen car

18   database.  Under the totality of these circumstances it would not be clear to an officer in

19   Deputy Gant, Deputy Emley and Sergeant Odom's position that they could not rely on the

20   ALPR alert to carry out an investigation.  Therefore, Deputy Gant, Deputy Emley and Sergeant

21   Odom are entitled to qualified immunity in this case.

22        Where an officer has reasonable suspicion to stop a car to investigate if the car is stolen,

23   a high-risk stop is justified by objective concerns for officer safety. The Ninth Circuit and the

24   Supreme Court recognize that officers in potentially dangerous circumstances are entitled to

25   protect themselves by drawing and pointing their weapons at a suspect who may pose a threat.

26   *Alvarez*, 899 F.2d at 838;  *Guzman-Padilla*, 573 F.3d at 884; *Alexander*, 64 F.3d at 1320.

27   Therefore it would not be clear to a reasonable officer that it was unlawful to perform a

28

Defendant County of Contra Costa, Kyle Emley, William Odom and
Brandon Gant's Reply Memorandum of Points and Authorities in Support of Motion to
Dismiss Plaintiffs' First Amended Complaint - Case No. C19-02205 JSC          8

1   high-risk stop, drawing a weapon and using handcuffs, when stopping a reported stolen car.

2   There is no clear rule of law to the contrary. Deputy Gant, Deputy Emley and Sergeant Odom

3   are entitled to qualified immunity for the high risk stop, which included pointing guns in the

4   direction of the suspects and handcuffing them during the detention.

5         **F.**       **Plaintiffs' Civil Code Section 52.1 Claim Fails, as there was No Constitutional Violation.**

6

7         As stated in Defendants' motion to dismiss, Plaintiffs cannot maintain a California Civil

8   Code section 52.1 violation for the same reasons that their federal 42 U.S.C. § 1983 false

    arrest and excessive force claims fail.

9         **G.**       **Plaintiffs' Negligence Theory Against Defendants Fails.**

10         Plaintiffs cannot state a negligence cause of action against Defendants. Plaintiffs are

11   required to show three elements for their negligence cause of action: (1) a legal duty to use due

12   care; (2) a breach of that duty; and (3) the breach as the proximate or legal cause of the

13   resulting injury. See *United States Liab. Ins. Co. v. Haidinger-Hayes*, 1 Cal. 3d 586, 594

14   (1970).

15         Defendants agree that the totality of circumstances is used to determine if law

16   enforcement officers acted reasonably. *Hayes v. County of San Diego,* 57 Cal. 4th 622, 629,

17   (2013)

18         However, this analysis does not help Plaintiffs. The totality of the circumstances

19   establishes that the Gant, Emley and Odom were not negligent in detaining Plaintiffs.

20   Plaintiffs' vehicle was reported stolen, and correctly appeared as such on Gant's ALPR.

21   Because Plaintiffs were driving a reported stolen vehicle, Gant had reasonable suspicion to

22   effectuate a traffic stop and investigate. Due the high risk nature of traffic stops generally, and

23   specifically felony stolen vehicle stops, it was reasonable for Gant, Emley and Odom to have

24   their weapons drawn, handcuff Plaintiffs and detain them in the police cars while conducting

25   the investigation. Once it was determined that the vehicle was not stolen, Plaintiffs were free

26   to leave. These actions are reasonable under the circumstances and establish that Gant, Emley

27   and Odom were not negligent.

28

Defendant County of Contra Costa, Kyle Emley, William Odom and
Brandon Gant's Reply Memorandum of Points and Authorities in Support of Motion to
Dismiss Plaintiffs' First Amended Complaint - Case No. C19-02205 JSC       9

1

## III.   CONCLUSION

2      Plaintiffs cannot establish liability against the Defendants in their amended complaint.

3   As such, Defendants' motion to dismiss should be granted with prejudice.

4

5    DATED:  August 26, 2019              SHARON L. ANDERSON
6                                        COUNTY COUNSEL

7

8                                  By: _____/s/ Dylan Radke_____
                                        DYLAN RADKE
9                                       Deputy County Counsel
                                        Attorneys for Defendants
10                                      COUNTY OF CONTRA COSTA,
                                        KYLE EMLEY, WILLIAM ODOM
11                                      and BRANDON GANT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant County of Contra Costa, Kyle Emley, William Odom and
Brandon Gant's Reply Memorandum of Points and Authorities in Support of Motion to
Dismiss Plaintiffs' First Amended Complaint - Case No. C19-02205 JSC                10