Glenn Katon SBN 281841
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN HOFER et al., <br><br> Plaintiffs, <br><br> v. <br><br> KYLE EMLEY, et al., <br><br> Defendants. | Case No. 3:19-cv-02205-JSC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> CMC: February 20, 2020 at 1:30 p.m. <br> Courtroom F, 15th Floor |

The parties file this Joint Case Management Statement pursuant to Local Rule 16-9(a), the Standing Order for All Judges of the Northern District of California, and the Court's November 14, 2019 Order (Dkt 72):

1. **Jurisdiction and Service**: Subject matter jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367. Defendants County of Contra Costa, Kyle Emley, William Odom and Brandon Gant have answered the Second Amended Complaint. Plaintiffs have stipulated to the dismissal of Defendant Getaround, Inc. There is no dispute over jurisdiction or venue.

2. **Facts**: Plaintiffs allege that Defendant Contra Costa Deputy Sheriffs stopped them based upon a purported mistake that the car Plaintiff Brian Hofer was driving was stolen, that the

Deputies falsely arrested them, used excessive force against them, and illegally searched their car, persons, and belongings. Plaintiffs further allege that Defendant Contra Costa County ratified the deputies' actions.

Defendants:

Defendants County of Contra Costa ("County"), Deputy Kyle Emley ("Emley"), Deputy Brandon Gant ("Gant"), and William Odom (collectively "County Defendants") allege that on November 25, 2018, Plaintiffs were operating a reported stolen vehicle when they were stopped by Deputy Gant.  The vehicle had been reported stolen to the San Jose Police Department in October 2018 and not removed from the stolen vehicle database upon its return.  Due its status as a stolen vehicle, Gant had reasonable suspicion to conduct a high-risk stop and detain Plaintiffs during an investigation.  Upon learning that the vehicle was no longer considered a stolen vehicle, Plaintiffs were free to leave.  During the stop, Deputy Emley and Sergeant William Odom, responded to the scene to provide back up. County Defendants allege that the stop, search and detention were lawful and at no time was excessive force used on Plaintiffs.

The principal facts in dispute are (1) how much force Defendant Deputies used against Plaintiffs, and (2) whether Defendant Deputies searched Plaintiffs' car, persons, and belongings.

3. **Legal Issues**: (1) whether Defendant Deputies had probable cause to arrest Brian and Jonathan, (2) whether Defendant Deputies' actions constituted an arrest of Plaintiffs, (3) whether Defendant Deputies used excessive force against Plaintiffs and illegally searched their car, persons, and belongings, (4) whether the Deputy Sheriffs' actions were consistent with Contra Costa County policies and practices and/or Contra Costa County ratified those actions.

4. **Motions**: No current motions are pending. Plaintiffs and the Contra Costa Defendants will consider filing motions for summary judgment.

5. **Amendment of Pleadings**: The Court has entered a Pretrial Scheduling Order (Dkt 72).

6. **Evidence Preservation**: The parties certify that they have reviewed the Court's ESI Guidelines, met and conferred pursuant to Fed. R. Civ. P. 26(f), and that they are taking reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident

in this action.

7. **Disclosures**: The parties have exchanged Initial Disclosures pursuant to Fed. R. Civ. P. 26.

8. **Discovery**: The parties have exchanged written discovery requests. Discovery will focus on the force used on the night of the incident, searches conducted on the night of the incident, and possible expert witnesses on the use of force and Jonathan Hofer's injuries. The parties have considered entering into a stipulated e-discovery order but have not done so because they do not anticipate extensive ESI in the case. The parties have not identified any discovery disputes at this time.

9. **Class Actions**: Not applicable.

10. **Related Cases**: This case is related to *Hofer v. Emley*, Case 3:18-cv-07580-JSC, which Plaintiff Brian Hofer voluntarily dismissed without prejudice on March 26, 2019.

11. **Relief**: Plaintiffs seek damages for pain, suffering, and trauma caused by Defendants' conduct alleged in the Complaint, future medical care that will be required to address that same conduct, and for the violation of their constitutional and statutory rights, in an amount to be determined by the jury. Plaintiffs also seek recovery of attorney fees under 42 U.S.C. § 1988 and California Civil Code § 52.1(i).

12. **Settlement and ADR**: No ADR efforts have been made to date. The parties are amenable to a settlement conference with a Magistrate Judge.

13. **Consent to Magistrate Judge For All Purposes**: All parties have consented to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. **Other References**: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**: At this time, the parties do not have issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), or any request to bifurcate issues, claims, or defenses.

16. **Expedited Trial Procedure**: The parties do not believe this is the type of case that

1  can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

2      17.    **Scheduling**: The Court has entered a Pretrial Scheduling Order (Dkt 72).

3      18.    **Trial**: The case will be tried to a jury and the expected length of the trial is four full trial days.

5      19.    **Disclosure of Non-party Interested Entities or Persons**: Plaintiffs have filed their Certification of Interested Entities or Persons.

7      20.    **Professional Conduct**: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

9      21.    The parties are not aware at this time of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Respectfully submitted,

| KATON.LAW | OFFICE OF CONTRA COSTA COUNTY COUNSEL |
|---|---|
| /s/ Glenn Katon<br>Glenn Katon | /s/ Dylan Radke<br>Dylan Radke |
| ATTORNEY FOR PLAINTIFFS | ATTORNEY FOR DEFENDANTS COUNTY OF CONTRA COSTA, KYLE EMLEY, WILLIAM ODOM and BRANDON GANT |